KENNON, Judge.
Alleging that on April 30, 1948, they delivered to defendant for storage “one ladies’ long tuxedo, Townley, grey coat, with muskrat fur,” and that defendant at the end of the storage period delivered a different coat, which they returned, plaintiffs, Mr. and Mrs. Joe R. Tabor, filed this suit to recover $150, the alleged value of the stored coat, together with $500 additional for embarrassment, humiliation, mental anguish, sentimental value, loss of use of coat, return of storage fee and attorney’s fees.
Defendant in answer admitted that Mrs. Tabor stored a coat with it on the date alleged in the petition, but averred that the coat returned to Mrs. Tabor in October was the same coat and in like condition as when delivered for storage, and that, while Mrs. Tabor returned the coat to defendant, they have kept same subject to her order and available for delivery at any time she should choose to receive same.
The District Court, for reasons set forth in a well considered written opinion on the merits and again in denying an application for rehearing, held that the testimony preponderated in favor of the defendant. From a judgment rejecting their demands, plaintiffs prosecute the present appeal.
Mrs. Tabor testified that on December 31, 1947, she purchased from Goldring’s in the City of Shreveport, a long, tuxedo Townley gray coat with muskrat fur down the front, and that the coat had a dark gray lining and a black label. The coat returned to her by defendant and exhibited in court was a tuxedo Townley gray coat with muskrat fur down the front, with gray lining and bearing a gray Goldring’s Townley label. When asked to tell in detail how she knew the coat returned was not her own coat, Mrs. Tabor testified: “The length of the coat was not the same and the sleeve length was not the same. It wasn’t exactly the color of my coat. It didn’t have the same label in it that my coat had. The coat showed it was worn.”
Again she testified that the returned coat “wasn’t long enough in the length of the coat and wasn’t long enough in the sleeves and it is not the exact color of my coat.” She admitted that the coat delivered to her was a cloth coat like the one purchased; that it was trimmed with muskrat fur like the one purchased, bearing the label of Townley and Goldring’s. The coat delivered by defendant to Mrs. Tabor at the end of the storage period was presented in court and measured forty-four inches in length. Mrs. Tabor tried the coat on in court and testified positively that the coat she purchased from Goldring’s and stored with defendant was three to three and a quarter inches longer. She also testified that the fur on the returned coat “did not have the richness of color” of her own and that her own coat was “so long that when I put this one on it really seemed short.” Her testimony as to the length and shade of her coat was corroborated by that of her niece, Mrs. Alec McKinney, who testified that she was with Mrs. Tabor when the coat was purchased and saw it on her two *462 or three times later in the winter. She described the length of the coat which she saw Mrs. Tabor purchase from Goldring’s as “ankle length.”
Defendant showed by its original receipt book that on April 30, 1948 the only gray wool, tuxedo, muskrat trimmed coat received was that of Mrs. Tabor, which they marked “stored” and returned to Mrs. Tabor in due course. At the conclusion of the testimony by both parties, the District Judge suggested that testimony from the store from which Mrs. Tabor purchased the coat should be obtained, and continued the case from June 10th to June 16th for that purpose. On that date, instead of plaintiffs producing the witnesses from Goldring's, the defendant offered as a witness Mr. Bernard Weiss, the manager of Goldring’s. He testified that all of the size twelve ladies coats ordered by Gold-ring’s in 1947 were forty-four to forty-five inches in length from neckline to hem. He was positive that no- size twelve coat measuring forty-seven or forty-eight inches was sold by Goldring’s in 1947, and testified that the first coats of this longer length were purchased for the 1948 season.
The testimony relative to' the shade of cloth and richness of color of the fur on the coat was of such a general nature that it cannot be given consideration above the positive proof that Mrs. Tabor did not purchase a size twelve coat forty-seven and one-half or forty-eight inches in length, as she contended. The same is true with regard to ‘her contention that the coat she purchased had a black label in it, while the coat received from the defendant had a gray label.
Counsel for defendant concede that Mrs. Tabor and her husband are in good faith, and place the blame for her error on the lengthening in style of ladies dresses and coats between December 31, 1947 (date of purchase of the coat) and November, 1948, when Mrs. Tabor saw her coat for the first time since storing it in April.
Defendant, in its business of storing fur and fur trimmed coats, handles annually between four and five thousand garments. Its manager, who said that he had been in charge for a year, testified that he knew of no other claim of mistaken identity made except the present one.
Mrs. Tabor bases her case principally on her contention that the coat which she stored with defendant was three to' four inches longer than the coat delivered to her in October. Although we believe Mrs. Tabor to be in good faith, we find that the record supports the conclusion reached by the District Court that the preponderance of the evidence is with the defendant. Certain it is that plaintiffs have not borne the burden of establishing their case.
The judgment appealed from is affirmed, with costs.